UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Richard Keeth, et al.,

    Plaintiff(s),

v.

State Farm Fire and Casualty Company,

    Defendant(s).
                                               /

Case No. 10-13219

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING PLAINTIFFS' MOTION TO REMAND [6] AND GRANTING DEFENDANT'S MOTION TO TRANSFER TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN [13]**

Before the Court are Plaintiffs Richard and Kelley Keeth's Motion for Remand to the 30th Circuit Court for Ingham County ("Motion for Remand") and Defendant State Farm Fire and Casualty Company's Motion for Transfer to the United States District Court for the Western District of Michigan ("Motion for Transfer"). For the reasons set forth below, Plaintiffs' Motion for Remand is DENIED, and Defendant's Motion for Transfer is GRANTED.

**I.    Relevant background**

On July 22, 2010, Plaintiffs filed their complaint against Defendant in the 30th Circuit Court for Ingham County. On August 13, 2010, Defendant filed a Notice of Removal to the Federal Court for the Eastern District of Michigan based upon diversity of citizenship. (Dkt. 1.) Plaintiffs thereafter filed their Motion for Remand, noting that the case had been removed to the incorrect federal district court. (Dkt. 6.) Defendant agrees that removal of the case to District Court for the Eastern District of Michigan was improper. Defendant

alleges that the proper district is the United States District Court for the Western District of Michigan because it is the federal district court embracing the place where the action is pending.[1]  Defendant disagrees that remand is required–arguing that the proper remedy is transfer to the Western District of Michigan.

## II.     Analysis

Federal courts have not come to a consensus whether a case removed from state court to the improper district court pursuant to 28 U.S.C. § 1441(a) should be remanded to state court or transferred to the proper district.  Case law supports both avenues.  But after a review of other circuit case law as well as how district courts in this circuit have handled the situation, the Court finds that it has the ability to transfer the case to the Western District of Michigan and it will do so for the sake of judicial economy and to not delay the proceedings any longer.

### A. Remand would not serve any useful purpose in this case

Plaintiffs argue that removal to a district court other than the "district and division embracing the place where such action is pending" requires remand to the state court from which the case was removed.  28 U.S.C. § 1441(a).  Plaintiffs' argument relies heavily upon the oft-quoted rule that "removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'"  *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992) (citing *Steel Valley Auth. v. Union Switch & Signal, Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100,

---

[1]The federal removal statute, 28 U.S.C. § 1441(a), permits a defendant to remove any civil action brought in a "State court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending."

108 (1941); *Her Majesty the Queen v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989). As removal to this district was not in strict compliance with 28 U.S.C. § 1441(a), they maintain that the case must be remanded.

This standard of strict construction has traditionally been applied in cases in which a district court's jurisdiction over a removed case was suspect.[2] The policy rationales for strict construction of the removal statute when federal jurisdiction may be deficient are clear–federal courts are courts of limited jurisdiction and adjudication without jurisdiction would be an exercise in futility.[3] *See Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985) (holding that "[b]ecause lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand."); *see also Her Majesty the Queen v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989) (in which the Sixth Circuit relied upon the "strictly construed" language when determining whether remand was proper based upon a potential lack of federal question jurisdiction); 14B Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3721 (4th ed. 2010) ("The prevailing judicial attitude rests on the inexpediency, if not unfairness, of exposing a state-court plaintiff whose case has been removed to the possibility that he will win a final

---

[2]In fact, the overwhelming majority of authority cited by Plaintiffs are cases in which courts addressed whether to remand a case where the district court potentially lacked subject matter jurisdiction as a result of uncertainty as to the amount in controversy, improper or fraudulent joinder calling into question diversity jurisdiction, and other similar defects.

[3]In *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941), the Supreme Court noted that "[d]ue regard for the rightful independence of state governments . . . requires that [federal courts] scrupulously confine their own jurisdiction to the precise limits which the [removal] statute has defined." (Citing *Healy v. Ratta*, 292 U.S. 263, 270 (1934).)

judgment in federal court, only to have it determined that the court lacked a proper basis for jurisdiction, requiring him to return to state court.").[4]

Although a court is supposed to strictly construe the removal statute, it must do so in a way to also honor a defendant's right to removal. In fact, "since the remand of a case to a state court frequently is not a reviewable order, the federal court should be cautious about directing remand too easily lest it erroneously deprive a removing defendant of the statutory right to a federal forum." *Id*.; *see also Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc), *cert. den.*, 544 U.S. 992 (2005) ("Federal courts . . . should be equally vigilant to protect the right to proceed in the Federal court as to permit the state courts, in proper cases, to retain their own jurisdiction."). A defendant's right of removal should therefore be at the forefront of the Court's consideration in a motion to remand, as the Congressionally-created right of removal indicates that "[a] defendant's right to remove a case that could be heard in federal court is at least as important as [a] plaintiff's right to the forum of his choice." *McKinney v. Bd. of Trs. of Mayland Cmty. Coll.*, 955 F.2d 924, 927 (4th Cir. 1992).

This case presents none of the policy concerns warranting strict construction of the removal statute to the detriment of Defendant's statutory right to remove. Neither party disputes that the Court has the power to hear this case based upon diversity jurisdiction. Nor does either party contend that the party removing the case did not have the statutory authority to do so.

---

[4]Plaintiff also cites *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992), and *Steel Valley Auth. v. Union Switch & Signal, Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987). Both cases quote *Abels*, and both examine whether remand is proper when a court lacks, or appears to lack, subject matter jurisdiction.

### B. Improper removal presents a procedural defect that the Court may correct with a transfer to a proper venue

Removal to the improper district, where a federal court otherwise has the jurisdictional power to hear the case, presents a procedural (as opposed to jurisdictional) defect curable by transfer to the proper venue. Statutory and case law support this conclusion. 28 U.S.C. § 1441(a) governs the venue of removed actions. *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 902 (1953). Venue in removed actions lies in "the district court of the United States for the district and division embracing the place where such action is pending." *Id.* at n 2. When a case is removed to the improper district court, the mistake is therefore one of improper venue.

Ordinarily, when a case is filed in an improper federal venue, 28 U.S.C. § 1406(a) applies: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Though § 1406(a) is not directly applicable to a case improperly removed–as opposed to filed–in a district court, its tenets apply by analogy with equal force.

District courts in this circuit have approved the transfer of a matter to a different venue when the matter has been removed to an improper federal district. *See McPeek v. Tandy, LLC*, No. 09-146-DCR, 2010 WL 399109, at *1 (E.D. Ky. Jan. 25, 2010) (holding that the proper remedy for a matter removed to an improper venue was to transfer the matter to the district court in the proper venue); *see also Smith v. Cariten Ins. Co.*, No. 08-171, 2008 WL 2550660, at *1 (E.D. Tenn. June 20, 2008) (holding that transfer to a proper venue served the interests of justices, rather than a remand to state court).

A number of courts in other circuits have viewed the matter similarly. *See Kreimerman v. Casa Veerkamp*, 22 F.3d 634, 645 (5th Cir. 1994) (holding that where a district court has jurisdiction over a case removed to the wrong district, the situation is "much more akin to an improper venue situation than to one in which there is an actual jurisdictional defect"); *Shamrock Mfg. Co. v. Ammex Corp.*, No. CV-F-10-908, 2010 WL 3153976, at *8 (E.D. Cal. Aug. 9, 2010) ("Federal subject matter jurisdiction over the action existed when it was removed, making the underlying concern one of venue"); *Capretto v. Stryker Corp.*, No. 07-03390, 2007 WL 2462138, at *1 n 1 (N.D. Cal. Aug. 29, 2007) (holding that removal to the improper district "does not require a remand to state court" because 28 U.S.C. § 1406(a) allows the court to transfer the case to the proper district).

But courts in other circuits have articulated a bright-line rule that removal to the improper district always requires remand to the state court. *See, e.g., Masey v. Craveonline Media, LLC*, No. 09-1364, 2009 WL 3740737 (D. Ariz. Nov. 5, 2009) ("When a party removes a case to the improper district, that district court's appropriate response should be to remand the case back to the state court and not to transfer it under 28 U.S.C. [§] 1406(a), to the proper district"); *Addison v. North Carolina Dep't of Crime and Pub. Safety*, 851 F. Supp. 214, 218 (M.D.N.C. 1994) (the defendant's willful removal to the improper district, in an effort to skip the necessary process of transfer, required remand to the state court). These courts have generally characterized removal to the improper district as a jurisdictional defect. *See Kreimerman*, 22 F.3d at 645 (holding that removal to the improper district is more akin to improper venue, and allowing for transfer, but duly noting that "[s]ome courts have held that removal of a case to the wrong division of the right district nevertheless creates a jurisdictional defect, leaving the district court with no power

6

to adjudicate the case and no choice but to remand. Other courts have held that removal to the wrong division is procedural, not jurisdictional.").

For all of the reasons stated above, including both supporting case law and policy considerations, the Court respectfully declines to follow those cases articulating a bright-line rule requiring remand to the state court, even where subject matter jurisdiction is not in question and the removal to the improper district court was not willful. In the absence of controlling Supreme Court or Sixth Circuit authority, the better view supports transfer to the Western District of Michigan as opposed to remand to the 30th Circuit Court for Ingham County.

## III. Conclusion

For the reasons set forth above, Plaintiffs' Motion to Remand is DENIED, and Defendant's Motion to Transfer to the United States District Court for the Western District of Michigan is GRANTED.

IT IS SO ORDERED.


       s/Nancy G. Edmunds
       Nancy G. Edmunds
       United States District Judge

Dated: February 7, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 7, 2011, by electronic and/or ordinary mail.

       s/Carol A. Hemeyer
       Case Manager